**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Rachelle M. Navarro*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

(973) 645-2700

---

May 21, 2025

Michael Robert Rosas, Esq.
1 Tower Center Boulevard
Suite 1510
East Brunswick, New Jersey 08816

      Re:    <u>Plea Agreement with John Gilmore</u>

Dear Counsel:

This letter sets forth the plea agreement between your client, John Gilmore ("GILMORE"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **June 11, 2025**, if it is not accepted in writing by that date. If GILMORE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from GILMORE to a four-count Information charging GILMORE with: (i) knowingly and intentionally conspiring with others to distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C), in violation of Title 21, United States Code, Section 846 (Count One); and (ii) possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) (Counts Two, Three, and Four).

If GILMORE enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against GILMORE for distributing or

possessing with intent to distribute controlled substances, or conspiring to do the same, on or about December 16, 2022, March 25, 2023, or August 4, 2023.

However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against GILMORE even if the applicable statute of limitations period for those charges expires after GILMORE signs this agreement, and GILMORE agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 21 U.S.C. § 846 to which GILMORE agrees to plead guilty to in Count One of the Information carries a statutory mandatory minimum sentence of 5 years' imprisonment, a maximum sentence of 40 years' imprisonment, and a statutory maximum fine equal to the greater of: (1) $5 million or (2) twice the gross profits or other proceeds to GILMORE. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which GILMORE agrees to plead guilty to in Counts Two, Three, and Four of the Information carry a statutory a maximum sentence of 20 years' imprisonment and a statutory maximum fine equal to the greater of: (1) $1 million or (2) twice the gross profits or other proceeds to GILMORE. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon GILMORE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence GILMORE ultimately will receive.

Further, in addition to imposing any other penalty on GILMORE, the sentencing judge as part of the sentence:

(1) will order GILMORE to pay an assessment of $100 per count ($400 total), pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture pursuant to 21 U.S.C. § 853;

(3) may deny GILMORE certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(4) pursuant to 21 U.S.C. § 841, must require GILMORE to serve a term of supervised release of at least 4 years for Count One and at least 3 years for Counts Two, Three, and Four, which will begin at the expiration of any term of imprisonment imposed and a maximum of lifetime supervision which will begin at the expiration of any term of imprisonment imposed. Should GILMORE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, GILMORE may be sentenced to not more than 3 years' imprisonment for Count One and 2 years' imprisonment for Counts Two, Three, and Four in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of GILMORE's acceptance of responsibility and pursuant to 21 U.S.C. § 853, GILMORE agrees to forfeit to the United States any and all property constituting or derived from any proceeds GILMORE obtained, directly or indirectly, as the result of the violations charged in the Information, and all of GILMORE's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in the Information, including approximately $1,699 in U.S currency seized between on or about December 16, 2022, and August 4, 2023 (the "Forfeitable Property").

GILMORE further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by GILMORE (the "Money Judgment"). GILMORE consents to the entry of an order requiring GILMORE to pay the Money Judgment and agrees that such Order will be final as to GILMORE prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating GILMORE's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. GILMORE further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

GILMORE waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), GILMORE consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to GILMORE prior to the sentencing. GILMORE understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise GILMORE of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. GILMORE further understands that GILMORE has no right to demand that any forfeiture of GILMORE's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon GILMORE in addition to forfeiture.

GILMORE further agrees that, not later than the date GILMORE enters the guilty plea, GILMORE will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If GILMORE fails to do so, or if this Office determines that GILMORE has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on GILMORE by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of GILMORE's activities and relevant conduct with respect to this case.

Stipulations

This Office and GILMORE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and GILMORE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

GILMORE understands that, if GILMORE is not a citizen of the United States, GILMORE's guilty plea to the charged offenses will likely result in GILMORE being subject to immigration proceedings and removed from the United States by making GILMORE deportable, excludable, or inadmissible, or ending GILMORE's naturalization. GILMORE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. GILMORE wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause GILMORE's removal from the United States. GILMORE understands that GILMORE is bound by this guilty plea regardless of any immigration consequences. Accordingly, GILMORE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. GILMORE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the

- 6 -

guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GILMORE. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude GILMORE from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between GILMORE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: Rachelle M. Navarro
Assistant United States Attorney

APPROVED:

Elaine K. Lou,
Deputy Chief, Criminal Division

     I have received this letter from my attorney, Michael Robert Rosas, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____ 5-2 Date: 5-28-25
JOHN GILMORE

     I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____ Date: 5/28/25
Michael Robert Rosas, Esq.
Counsel for Defendant

## Plea Agreement with John Gilmore
## Schedule A

1. This Office and John Gilmore ("GILMORE") agree to stipulate to the following facts:

    a. On or about March 25, 2023, GILMORE conspired and agreed with others to distribute and possess with the intent to distribute fentanyl and cocaine in and around Jersey City, New Jersey.

    b. The offense charged in Count One of the Information involved approximately 66.62 grams of fentanyl, 185.43 grams of cocaine, 2.71 grams of methamphetamine, and 2.21 grams of marihuana.

    c. On or about December 16, 2022, GILMORE distributed and possessed with the intent to distribute a mixture and substance containing a detectable amount of fentanyl and a quantity of a mixture and substance containing a detectable amount of cocaine.

    d. On or about March 25, 2023, GILMORE distributed and possessed with the intent to distribute a mixture and substance containing a detectable amount of fentanyl and a quantity of a mixture and substance containing a detectable amount of cocaine.

    e. On or about August 4, 2023, GILMORE distributed and possessed with the intent to distribute a mixture and substance containing a detectable amount of fentanyl and a quantity of a mixture and substance containing a detectable amount of cocaine.

    f. The offenses charged in Counts One through Four of the Information involved a total weight of approximately 66.67 grams of fentanyl, 185.7 grams of cocaine, 2.71 grams of methamphetamine, and 2.21 grams of marihuana.

2. To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. The parties agree that a term of imprisonment within the range of 60 to 61 months (the "Stipulated Range") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). Neither party will argue for a term of imprisonment below 60 months or above 61 months. The parties recognize, however, that the Stipulated Range will not bind the District Court. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

4. If the District Court imposes a term of imprisonment within the Stipulated Range:

    a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, and the special assessment.

    b. GILMORE will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

    c. These waiver provisions, however, do not apply to

      i. Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for GILMORE's offenses of conviction.

      ii. Any proceeding to revoke the term of supervised release.

      iii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

      iv. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.